# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **VERITY INVESTIGATIONS, LCC,** *Plaintiff/Relator*, | § § § § |
| v. | § § |
| **IMPERATIVE CHEMICAL PARTNERS, INC.,** *Defendant*. | § § § § |

MO:24-CV-00160-DC-RCG

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Defendant Imperative Chemical Partners, Inc.'s ("Defendant") Unopposed Partial Motion to Dismiss. (Doc. 26). This case is before the undersigned through a Standing Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Defendant's Unopposed Partial Motion to Dismiss be **GRANTED**. (Doc. 26).

This is a *qui tam* case, filed on behalf of the United States, wherein Plaintiff Verity Investigations, LLC ("Plaintiff") seeks to recover for alleged violations of the False Claims Act, 31 U.S.C. § 3729 *et seq*. (Doc. 1). Plaintiff's Amended Complaint—filed on May 13, 2025—raises three claims: (1) submitting false claims for payment under § 3729(a)(1)(A); (2) creating a false record or statement material to a false claim under § 3729(a)(1)(B); and (3) improperly avoiding an obligation to pay or transmit money under § 3729(a)(1)(G). (Doc. 18). Defendant's Partial Motion to Dismiss requests dismissal only of the third claim—violation of § 3729(a)(1)(G). (Doc. 26). After Defendant filed its Motion, Plaintiff filed a Notice of Non-Opposition to Defendant's Motion to Dismiss. (Doc. 27). Plaintiff's Notice makes it abundantly clear it is not opposed to Defendant's Motion to Dismiss but emphasizes its non-opposition is

limited to the cause of action under § 3729(a)(1)(G). *Id*. at 1. Thus, Defendant's Motion to Dismiss—which, as mentioned seeks dismissal only of Plaintiff's claim arising under § 3729(a)(1)(G)—is unopposed.

Accordingly, the Court the Court **RECOMMENDS** Defendant's Unopposed Partial Motion to Dismiss be **GRANTED**. (Doc. 26). The Court makes no finding as to Plaintiff's remaining claims.

SIGNED this 22nd day of July, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**
In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).