**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, ex rel. VERITY INVESTIGATIONS, LLC,** | § | |
| **Plaintiff/Relator,** | § | |
| | § | |
| **v.** | § | **Case No. 7:24-CV-160** |
| | § | |
| **IMPERATIVE CHEMICAL PARTNERS, INC.,** | § | |
| **Defendant.** | § | |

**DEFENDANT IMPERATIVE CHEMICAL PARTNERS, INC.'S DESIGNATION OF EXPERT WITNESSES**

Pursuant to Rule 26(2)(B) of the Federal Rules of Civil Procedure and the Agreed Scheduling Order in this case, Defendant Imperative Chemical Partners, Inc. ("**Imperative**") hereby files its Designation of Expert Witnesses. As discovery and investigation remain on-going, Imperative reserves the right to amend and/or supplement this disclosure in accordance with the Federal Rules of Civil Procedure.

## I. RETAINED EXPERT WITNESSES

**Jesse R. Morton**
**Berkeley Research Group, LLC**
**1230 Peachtree Street NE, Suite 2440**
**Atlanta, Georgia 30309**
**(678) 627-8336**

Mr. Morton is expected to testify about the matters outlined and detailed in his report, which, pursuant to the Agreed Scheduling Order, is being served separately.

## II. NON-RETAINED EXPERT WITNESSES

**BKD CPAs and Advisors (now known as Forvis Mazars)**
**Two Leadership Square South Tower 211 N.**
**Robinson Avenue, Suite 600**
**Oklahoma City, Oklahoma 73102**
**(405) 606-2580**

BKD CPAs and Advisors (now known as Forvis Mazars) is a CPA firm that assisted in determining Imperative's eligibility for a Second Draw PPP loan and forgiveness of the same. BKD is expected to testify about the work it performed in that regard.

## III. PLAINTIFF'S EXPERT WITNESSES

Imperative reserves the right to call for direct or cross examination any persons named by Plaintiff as an expert witness in this case. In this regard, Imperative does not wish to be misunderstood as having designated those individuals as Imperative's experts, as Imperative does not necessarily agree with the opinions of those experts. Imperative, however, reserves the right to call those witnesses and elicit opinions and mental impressions from them at the time of trial. Imperative also reserves the right to challenge Plaintiff's expert witnesses without limitation on any issue, including their qualifications and opinions and the basis of their opinions.

## IV. ADDITIONAL EXPERT WITNESSES

Imperative reserves the right to call to testify or question all other experts or representatives who may have been designated by or called by any other party to this lawsuit regarding the issues in dispute. Imperative also reserves the right to call any witnesses disclosed by any party who may qualify as an expert pursuant to the Federal Rules of Evidence.

Imperative reserves the right to use testimony, either live or by deposition, from any of the experts listed by any of the parties in this case, whether in cross-examination, rebuttal, or direct testimony. In addition, Imperative may use deposition testimony or ask questions live at trial of any one or more of the people who have been deposed in this case, and whose testimony qualifies them with expertise in the respective areas inquired about. These witnesses include all of the people who have been deposed, or will be deposed, in this case before the case goes to trial.

Imperative further reserves the right to call undesignated expert witnesses in rebuttal, whose identities and testimony cannot reasonably be foreseen. Imperative reserves the right to supplement its expert witness disclosures, upon receipt of new information, and once the identity and reports of all experts are disclosed, and the information is produced as required under Federal Rule of Civil Procedure 26(2)(B), including the nature of each of their expert witness' testimony and/or Plaintiff's theories against Imperative.

Imperative reserves the right to withdraw, amend, or revise, the designation of expert witnesses and to aver positively that any such previously designated expert will not be called as an expert witness at trial, and to re-designate same as a consulting expert who cannot be called by opposing counsel.

By identifying these experts in their designation of expert witnesses, Imperative does not waive their right to challenge to the qualifications and opinions of each of these experts. Imperative specifically reserves the right to do so.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Jared Starr*
**James Sowder**
State Bar No. 18863900
**Jared Starr**
State Bar No. 24122088

Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8292
Facsimile: (214) 871-8209
E-Mail: JSowder@thompsoncoe.com
E-Mail: JStarr@thompsoncoe.com
**ATTORNEYS FOR DEFENDANT IMPERATIVE CHEMICAL PARTNERS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

Steven M. Shepard
Steven Shackelford, Jr. (pro hac vice)
Shauli Bar-On (pro hac vice)
Susman Godfrey L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshepard@susmangodfrey.com
sshackelford@susmangodfrey.com
sbar-on@susmangodfrey.com
***Attorneys for Relator***

*/s/ Jared Starr*
**Jared Starr**