**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA, ex rel.** | § | |
| **VERITY INVESTIGATIONS, LLC,** | § | |
| | § | |
| *Plaintiff/Relator,* | § | |
| | § | |
| **v.** | § | **Case No. 7:24-CV-160** |
| | § | |
| **IMPERATIVE CHEMICAL PARTNERS,** | § | |
| **INC. and HASTINGS EQUITY** | § | |
| **PARTNERS, LLC,** | § | |
| | § | |
| *Defendant.* | | |

**DEFENDANT IMPERATIVE CHEMICAL PARTNERS, INC.'S**
**ANSWER TO RELATOR'S THIRD AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Imperative Chemical Partners, Inc. ("Defendant") files its Answer to the Third

Amended Complaint filed by Relator Verity Investigations LLC ("Relator"), as follows:

**PRELIMINARY STATEMENT**

Unless otherwise specifically admitted, Defendant denies each and every allegation that is

set forth in Relator's Third Amended Complaint, and further denies it engaged in any unlawful or

fraudulent conduct or otherwise violated any provisions of the False Claims Act. Defendant objects

to Relator's use of descriptive section headings and sub-section headings and denies the truth of

any allegations these headings may contain.

**ANSWER**

**I.    Introduction**

1.    The allegations set forth in the first sentence of this paragraph are legal conclusions

and Relator's own characterization of this action to which no answer is required; however, to the

---

extent an answer is required, Defendant denies these allegations. Defendant admits the allegations set forth in the second sentence of this paragraph.

2.      Defendant admits that the allegations in Relator's Third Amended Complaint relate to a PPP loan. The remaining allegations set forth in this paragraph are legal conclusions and Relator's own characterization of this action to which no answer is required.

3.      Defendant admits the allegations set forth in the first sentence of this paragraph. Defendant denies the allegations set forth in the second sentence of this paragraph.

4.      The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

5.      The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

6.      The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

7.      Defendant admits that Hastings is a private equity parent company of Defendant. Defendant denies the remaining allegations set forth in this paragraph.

8.      Defendant denies the allegations set forth in this paragraph.

9.      Defendant is without knowledge or information sufficient to form a belief about the actions, if any, Relator undertook in investigating its purported False Claims Act claims against Defendant. Defendant otherwise denies the allegations set forth in this paragraph.

**II.     The Parties**

10.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies these allegations.

11. Defendant admits it is a Delaware corporation. The remaining allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

12. Defendant admits that Hastings is a Delaware limited liability company. Defendant is without knowledge or information sufficient for form a belief about the remaining allegations set forth in this paragraph and therefore denies these allegations.

## III. Jurisdiction and Venue

13. The allegations set forth in this paragraph are legal conclusions and Relator's own characterization of this action to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

14. The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

15. The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

## IV. The False Claims Act

16. The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

17. The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

18. The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

19. The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

20.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

21.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

22.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

23.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

24.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

25.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

26.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

27.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

28.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

## I.     NO "PUBLIC DISCLOSURE" AND RELATOR IS AN ORIGINAL SOURCE

29.     Defendant denies the allegations set forth in this paragraph.

30.     Defendant denies the allegations set forth in this paragraph.

31.     Defendant denies the allegations set forth in this paragraph.

32.     Defendant denies the allegations set forth in this paragraph.

33. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies these allegations.

## V. The Second Draw PPP Loan Program

34. As to the allegations set forth in this paragraph, the referenced provision from the United States Code and the SBA's FAQ document speak for themselves, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

35. As to the allegations set forth in this paragraph, the SBA's website and FAQ document speak for themselves, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

36. As to the allegations set forth in this paragraph, the SBA's FAQ document speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

37. As to the allegations set forth in this paragraph, the SBA's website and FAQ document speak for themselves, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

38. As to the allegations set forth in this paragraph, the SBA's FAQ document speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

39. The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

40. As to the allegations set forth in this paragraph, the referenced provision from the Code of Federal Regulations speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

41. As to the allegations set forth in this paragraph, the referenced provisions from the Code of Federal Regulations speak for themselves, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

42. Defendant admits the allegations set forth in this paragraph.

43. As to the allegations set forth in this paragraph, the SBA's FAQ document speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

44. As to the allegations set forth in this paragraph, the SBA Form 2483-SD speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

45. As to the allegations set forth in this paragraph, the SBA Form 2483-SD speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

46. As to the allegations set forth in this paragraph, the SBA Form 2483-SD speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

47. As to the allegations set forth in this paragraph, the SBA Form 2483-SD speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

48. As to the allegations set forth in this paragraph, the SBA Form 2483-SD speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

49.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

## VI.    Defendant Falsely Certified to the SBA Its Compliance with the Second Draw PPP Loan Size Requirements

### A.    Background

#### 1.    Defendant Hastings Equity Partners LLC

50.     Defendant admits the allegations set forth in this paragraph.

51.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

52.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies these allegations.

53.     As to the allegations set forth in this paragraph, the referenced webpage speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

54.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies these allegations.

55.     Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies these allegations.

### B.    Defendant Imperative Chemical Partners, Inc.

56.     Defendant admits it is a Delaware corporation but denies that it currently has offices at 203 W. Wall Street, Midland, Texas 79701. The remaining allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

57.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

58.     Defendant admits the allegations set forth in this paragraph.

59.     Defendant admits it was formed in October 2018 via the consolidation of WadeCo Specialties, Impact Chemical Technologies, and FloCap and otherwise denies the allegations set forth in this paragraph.

60.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

**C.      Imperative's False Statements to Obtain Second Draw PPP Loan**

61.     Defendant admits the allegations set forth in this paragraph.

62.     Defendant admits the allegations set forth in this paragraph.

63.     Defendant admits the allegations set forth in this paragraph.

64.     As to the allegations set forth in this paragraph, the SBA Form 2483-SD speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

> **1.      Imperative's False Statement Regarding Eligibility for the Loan and Number of Employees**

65.     As to the allegations set forth in this paragraph, the SBA Form 2483-SD speaks for itself, and Defendant admits only that the cited language is contained therein and that Defendant signed SBA Form 2483-SD, and otherwise denies these allegations.

66.     Defendant denies the allegations set forth in the first sentence of this paragraph. The allegations set forth in the second sentence of this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

67.    Defendant denies the allegations set forth in this paragraph.

68.    Defendant denies the allegations set forth in this paragraph.

69.    Defendant denies the allegations set forth in this paragraph.

### 2.    Imperative's False Statements Regarding Its Affiliates

70.    As to the allegations set forth in this paragraph, the referenced document speaks for itself, and Defendant admits only that the cited language is contained therein and that Defendant provided that document to Transportation Alliance Bank ("TAB"), and otherwise denies these allegations.

71.    As to the allegations set forth in this paragraph, the referenced document speaks for itself, and Defendant admits only that the cited language is contained therein and that Defendant provided that document to Transportation Alliance Bank, and otherwise denies these allegations.

72.    Defendant denies the allegations set forth in this paragraph.

73.    Defendant admits the allegations set forth in the first sentence of this paragraph. The allegations set forth in the second sentence of this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

74.    The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

75.    Defendant denies the allegations set forth in this paragraph.

76.    Defendant denies the allegations set forth in this paragraph.

### 3.    Imperative's False Statements Regarding the Alternative Size Standard

77.     As to the allegations set forth in this paragraph, the SBA Form 2483-SD speaks for itself, and Defendant admits only that the cited language is contained therein and that Defendant signed SBA Form 2483-SD, and otherwise denies these allegations.

78.     Defendant denies the allegations set forth in this paragraph.

79.     Defendant agrees that following the publication of the updated FAQ on March 3, 2021, the FAQ clarified that the alternative size standards were not permitted as an alternative to employee count for determining second draw PPP Loan eligibility. However, Defendant does not concede that it fraudulently procured a second draw PPP loan.

80.     As to the allegations set forth in this paragraph, the referenced provision from the United States Code speak for itself, and Defendant admits only that such provision does not expressly reference the alternative size standard, and otherwise denies these allegations.

81.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations as they pertain to Defendant's Second Draw PPP loan process.

82.     Defendant denies the allegations set forth in this paragraph.

83.     As to the allegations set forth in this paragraph, the SBA Form 2483-SD speaks for itself, and Defendant admits only that the cited language is contained therein and that Defendant signed SBA Form 2483-SD. The remaining allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

84.     Defendant denies the allegations set forth in this paragraph.

85.     Defendant denies the allegations set forth in this paragraph.

86.     Defendant admits the allegations set forth in this paragraph.

87.    Defendant is without knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies these allegations.

88.    Defendant admits the allegations set forth in this paragraph.

**D.    Evidence of Imperative's Ineligibility for the Loan**

89.    The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

90.    As to the allegations set forth in this paragraph, the First Draw PPP loan Borrower Application speaks for itself, and Defendant admits only that the cited language is contained therein. The remaining allegations set forth in this paragraph are legal conclusions and Relator's own characterization of this action to which no answer is required.

91.    Defendant admits it maintained a 401(k)-plan titled "Imperative Chemical Partners, Inc. 401K Plan" for the years 2019, 2020, and 2021.

92.    Defendant denies the allegations set forth in this paragraph.

93.    Defendant admits it maintained a 401(k)-plan titled "Imperative Chemical Partners, Inc. 401K Plan" for the years 2019, 2020, and 2021.

94.    The allegations set forth in the first and second sentences of this paragraph are legal conclusions to which no answer is required. However, to the extent an answer is required, Defendant denies these allegations. As to the allegations set forth in the third sentence of this paragraph, the Form 5500 speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

95.    Defendant admits it maintained a 401(k)-plan titled "Imperative Chemical Partners, Inc. 401K Plan" for 2019 and that such plan reported the number of participants at the start of the year and participants at the end of the year as stated therein. Defendant otherwise denies the remainder of the allegations set forth in this paragraph.

96.     Defendant admits it maintained a 401(k)-plan titled "Imperative Chemical Partners, Inc. 401K Plan" for 2020 and that such plan reported participants at the start of the year participants and participants at the end of the year as stated therein. Defendant otherwise denies the allegations set forth in this paragraph.

97.     Defendant admits it maintained a 401(k)-plan titled "Imperative Chemical Partners, Inc. 401K Plan" for 2021 and that such plan reported participants at the start of the year and participants at the end of the year as stated therein. Defendant otherwise denies the allegations set forth in this paragraph.

98.     Defendant denies the allegations set forth in the first sentence of this paragraph. Defendant is without knowledge or information sufficient to form a belief about the remaining allegations in this paragraph and therefore denies these allegations.

99.     Defendant denies the allegations set forth in this paragraph.

**E.     Evidence of Ineligibility under the Alternative Size Standard**

100.    The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

101.    Defendant denies the allegations set forth in this paragraph.

102.    The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

103.    Defendant denies the allegations set forth in this paragraph.

104.    As to the allegations set forth in this paragraph, the referenced webpage speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

105.    The allegations set forth in this paragraph are based upon Relator's speculation to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

106.    Defendant denies the allegations set forth in this paragraph.

107.    Defendant denies the allegations set forth in this paragraph.

**F.    Evidence of Imperative's Lack of Economic Need for the Loan**

108.    As to the allegations set forth in this paragraph, the SBA Form 2483-SD speaks for itself, and Defendant admits only that the cited language is contained therein and that Defendant signed SBA Form 2483-SD, and otherwise denies these allegations.

109.    As to the allegations set forth in this paragraph, the SBA's FAQ document speaks for itself, and Defendant admits only that the cited language is contained therein, and otherwise denies these allegations.

110.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies these allegations.

111.    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations set forth in this paragraph and therefore denies these allegations.

112.    Defendant denies the allegations set forth in this paragraph.

**G.    Evidence of Hastings Causing Imperative to Submit False Claims**

**1.    At all Relevant Times, Hastings Exercised Control Over Imperative**

113.    Defendant denies the allegations set forth in this paragraph.

114.    Defendant admits the allegations set forth in this paragraph.

115.    Defendant admits the allegations set forth in this paragraph.

116.    Defendant denies the allegations set forth in this paragraph.

117.    Defendant denies the allegations set forth in this paragraph.

### 2. Hastings Took an Active Role in Imperative Second Draw Loan Application

118. Defendant denies the allegations set forth in this paragraph.

119. Defendant is without knowledge or information sufficient to form a belief about the allegations set forth in this paragraph and therefore denies these allegations.

120. Defendant denies the allegations set forth in this paragraph.

### 3. Hastings Provided Imperative with False Information for Imperative to Present to SBA

121. Defendant denies the allegations set forth in this paragraph.

122. As to the allegations set forth in this paragraph, the referenced communications speak for themselves, and Defendant denies the allegations set forth in this paragraph to the extent they go beyond those communications.

123. As to the allegations set forth in this paragraph, the referenced communications speak for themselves, and Defendant denies the allegations set forth in this paragraph to the extent they go beyond those communications.

124. As to the allegations set forth in this paragraph, the referenced communications speak for themselves, and Defendant denies the allegations set forth in this paragraph to the extent they go beyond those communications.

125. As to the allegations set forth in this paragraph, the referenced communications speak for themselves, and Defendant denies the allegations set forth in this paragraph to the extent they go beyond those communications.

126. Defendant denies the allegations set forth in this paragraph.

127. Defendant denies the allegations set forth in this paragraph.

128. Defendant denies the allegations set forth in this paragraph as worded.

129.     Defendant denies the allegations set forth in this paragraph as worded.

130.     Defendant denies the  allegations set forth in this paragraph.

131.     Defendant denies the allegations set forth in this paragraph.

## FIRST CAUSE OF ACTION

**Submitting False Claims for Payment**
**31 U.S.C. § 3729(a)(1)(A)**
**Against All Defendants**

132.     No answer is required to the allegations set forth in this paragraph; however, to the extent an answer is required, Defendant denies these allegations.

133.     Defendant denies the allegations set forth in this paragraph.

134.     Defendant denies the allegations set forth in this paragraph.

135.     Defendant denies the allegations set forth in this paragraph.

136.     The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

137.     The allegations set forth in this paragraph are legal conclusions to which no answer is required. However, to the extent an answer is required, Defendant denies these allegations.

138.     Upon information and belief, Defendant admits the allegations set forth in this paragraph.

139.     Defendant denies the allegations set forth in this paragraph.

140.     The allegations set forth in this paragraph are legal conclusions to which no answer is required. However, to the extent an answer is required, Defendant denies these allegations.

141.     Defendant denies the allegations set forth in this paragraph.

142.     Defendant denies the allegations set forth in this paragraph.

143.     Defendant denies the allegations set forth in this paragraph as worded.

144. Defendant denies the allegations set forth in this paragraph that apply to it. Defendant is without knowledge or information sufficient to form a belief about the remaining allegations set forth in this paragraph and therefore denies these allegations.

145. The allegations set forth in this paragraph are Relator's own characterization and interpretation of the evidence to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

146. Defendant denies the allegations set forth in this paragraph.

## SECOND CAUSE OF ACTION

**Creating a False Record or Statement Material to a False Claim**
**31 U.S.C. § 3729(a)(1)(B)**
**Against All Defendants**

147. No answer is required to the allegations set forth in this paragraph; however, to the extent an answer is required, Defendant denies these allegations.

148. Defendant denies the allegations set forth in this paragraph.

149. Defendant denies the allegations set forth in this paragraph.

150. Defendant denies the allegations set forth in this paragraph.

151. Defendant denies the  allegations set forth in this paragraph.

152. The allegations set forth in this paragraph are legal conclusions to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

153. Defendant denies the allegations set forth in this paragraph.

154. Defendant denies the allegations set forth in this paragraph.

155. Defendant denies the allegations set forth in this paragraph.

156. Defendant denies the allegations set forth in this paragraph that apply to it. Defendant is without knowledge or information sufficient to form a belief about the remaining allegations set forth in this paragraph and therefore denies these allegations.

157.    The allegations set forth in this paragraph are Relator's own characterization and interpretation of the evidence to which no answer is required; however, to the extent an answer is required, Defendant denies these allegations.

158.    Defendant denies the allegations set forth in this paragraph.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

1.    Relator fails to state a claim upon which relief can be granted.

2.    Relator's claims are barred based upon the federal government knowledge defense. Defendant could not have knowingly submitted false claims, or knowingly made, used, or caused to be made or used any false claims, or knowingly made, used, or caused to be made or used any false records or statements material to any false claim, because the SBA (or other responsible governmental agency) had knowledge of all of the facts surrounding Relator's allegations.

3.    Relator's claims for damages and penalties are barred to the extent they violate or conflict with the Excessive Fines Clause of the Eighth Amendment or the Due Process Clause of the Fifth Amendment to the United States Constitution.

4.    Relator's claims are barred or reduced to the extent the alleged actions or omissions of other persons or entities, whether named in the Second Amended Complaint or not, over whom Defendant had no supervision or control and for whose actions and omissions Defendant has no legal responsibility, caused the damages Relator alleges.

5.    Relator's claims are barred because the *qui tam* provisions of the False Claims Act violate the Appointments Clause, the Vesting Clause, and the Take Care Clause of Article II of the United States Constitution.

6.    Relator's claims are barred because TAB, as agent, representative, and/or the underwriter for the PPP loan, on behalf of the SBA (or other responsible governmental agency),

was fully aware of Defendant's disclosures as to its employee count and, with such knowledge, approved, and recommended, that the loan be approved. Furthermore, Transportation Alliance Bank, as agent, representative, and/or the underwriter for the PPP loan, on behalf of the SBA (or other responsible governmental agency), was fully aware of Defendant's disclosures as to its employee count and, with such knowledge, approved, and recommended, that the loan be forgiven.

7.      Relator's claims are barred because, upon information and belief, the SBA (or other responsible governmental agency) was aware of Defendant's employee count when it approved the PPP loan and later forgave the debt.

8.      Relator's claims fail because any alleged fraudulent statements by Defendant were not material to any payment decision by the SBA (or other responsible governmental agency).

9.      Relator's claims fail because the SBA (or other responsible governmental agency) did not sustain any damages as a result of the alleged acts of Defendant in connection with Defendant's application for a Second Draw PPP loan.

10.      Any damages sustained by the SBA (or other responsible governmental agency) are unrelated to any act or omission of Defendant in connection with Defendant's application for a Second Draw PPP loan, and any act or omission of Defendant in connection with its application for a Second Draw PPP loan was not a proximate cause of any damages allegedly sustained by the SBA (or other responsible governmental agency).

11.      Relator's claims are barred pursuant to the False Claims Act's public disclosure bar, 31 U.S.C. § 3730(e)(4)(A)-(B). The essential elements of Relator's allegations were publicly disclosed and Relator is not an original source of the information underlying its fraud allegations.

By asserting these affirmative defenses, Defendant does not concede or intend to assume the burden of proof with respect to those matters which, pursuant to law, Relator bears the burden.

## CONCLUSION

WHEREFORE, Defendant Imperative Chemical Partners, Inc. requests that the Third Amended Complaint filed by Relator Verity Investigations, Inc. be dismissed in its entirety and that Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By: */s/ James L. Sowder*
　　　James L. Sowder
　　　State Bar No.  18863900
　　　Jared Starr
　　　State Bar No.  24122088

Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, TX 75201-2832
Telephone: (214) 871-8292
Fax: (214) 871-8209
E-Mail:  JSowder@thompsoncoe.com
E-Mail:  JStarr@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**
**IMPERATIVE CHEMICAL PARTNERS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 17, 2026, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure.

Steven M. Shepard
Steven Shackelford, Jr. (pro hac vice)
Shauli Bar-On (pro hac vice)
Susman Godfrey L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
sshepard@susmangodfrey.com
sshackelford@susmangodfrey.com
sbar-on@susmangodfrey.com

*Attorneys for Relator*

*/s/ James L. Sowder*
James L. Sowder